No. 26-1329

# In the United States Court of Appeals for the First Circuit

---

COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS; NATIONAL PARENTS UNION; NATIONAL KOREAN AMERICAN SERVICE AND EDUCATION CONSORTIUM; UNDOCUBLACK NETWORK, INC.,

*Plaintiffs-Appellees,*

v.

SCOTT BESSENT, Acting Commissioner of the Internal Revenue Service and Secretary of the Treasury; INTERNAL REVENUE SERVICE; FRANK BISIGNANO, Commissioner of the Social Security Administration; SOCIAL SECURITY ADMINISTRATION; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI L. NOEM, Secretary of Homeland Security; DEPARTMENT OF HOMELAND SECURITY,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the District of Massachusetts
Case No. 1:25-cv-12822-IT
Hon. Indira Talwani

---

## OPPOSITION TO APPELLANTS' MOTION TO EXPEDITE

---

| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP | ASIAN LAW CAUCUS |
| LEO L. LAM | JOSHUA ROSENTHAL |
| LAURIE CARR MIMS | DOROTHY CHANG |
| SARAH SALOMON | 55 Columbus Ave. |
| CHARLOTTE KAMAI | San Francisco, CA 94111 |
| KELLY M. HERNANDEZ | Telephone: 415 896 1701 |
| LEIA R. WALKER | Facsimile: 415 896 1702 |

6176782

633 Battery Street
San Francisco, California 94111
Telephone: 415 391 5400
Facsimile:  415 397 7188

GREATER BOSTON
LEGAL SERVICES
GARY KLEIN
197 Friend Street
Boston, MA  02114
Telephone: 617 320 8397
Facsimile: 617 371 1222

Counsel for Plaintiffs-Appellees

6176782

The Court should deny Appellants' motion to expedite the appeal because no exigency exists.  Appellees—four nonprofit organizations that provide community-based services to their low-income members—filed this lawsuit to stop federal agencies from unlawfully sharing taxpayer information to facilitate civil immigration enforcement.  The district court granted Appellees partial preliminary relief, holding that they were likely to succeed on the merits of their claims asserting that the defendant agencies engaged in unlawful data sharing.

Over two months later, and with no attempt to expedite in the district court or to stay preliminary relief, Appellants now move to expedite this appeal of the district court's order.

Not surprisingly, Appellants lack support for their request to expedite.  They assert that Immigrations and Customs Enforcement ("ICE") faces irreparable harm absent relief because the order impedes criminal law enforcement, yet they point to no evidence—or even a suggestion of evidence—that ICE has been unable to continue its enforcement operations aggressively in the months since the preliminary relief order.  Moreover, ICE's proposed briefing schedule actually extends its own deadline for filing an Opening Brief, which lays

6176782

bare their lack of need for expeditious review.  The government fails to make any showing of irreparable harm or other good cause as required for expedited treatment.  This Court should deny the motion.

## I.     LEGAL STANDARD

"Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of . . . any other action if good cause therefor is shown."  28 U.S.C. § 1657(a).  "'[G]ood cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit."  *Id.*

Although the First Circuit has not specifically defined good cause in its rules, the rules in other circuits provide persuasive definitions. The D.C. Circuit grants motions to expedite only where the movant has demonstrated "that the delay will cause irreparable injury and that the decision under review is subject to substantial challenge."  Handbook of Prac. & Internal Proc., U.S. Ct. of Appeals for the D.C. Cir. (Dec. 2025), Part VIII.B.  Similarly, the Ninth Circuit rulebook defines "good cause"

2

6176782

for motions to expedite as, in relevant part, where "in the absence of expedited treatment, irreparable harm may occur or the appeal may become moot." Ninth Cir. R. Circuit Advisory Comm. Notes (Dec. 2025), Part 27-12; *see also* R. & Internal Op. Proc. of the U.S. Ct. of Appeals for the Fifth Cir. (Dec. 2025), Part 47.7.

## II.   ARGUMENT

The government has not shown good cause to expedite because it has not and cannot show irreparable injury or that the district court's order is subject to substantial challenge.

### A.   The government cannot establish irreparable injury.

The government fails to show it is enduring irreparable injury for multiple reasons. *First,* the district court's order enjoins only ***unlawful*** conduct; ICE has not and cannot argue irreparable injury from being unable to violate the law. The Internal Revenue Service ("IRS") and ICE have conceded, impliedly and directly, that their data sharing arrangements violate the law.[1] The lower court's order preliminarily

---

[1] In August 2025, the IRS transferred confidential taxpayer information to ICE, which it subsequently admitted violated 26 U.S.C. § 6103 because ICE's data requests were facially and legally invalid. ECF No. 79-1. This impliedly conceded ICE's violation of § 6103 by providing legally deficient requests. Separately, ICE failed to comply with the

3

6176782

vacates those data sharing arrangements and precludes ICE from using the data it received from those arrangements. ECF No. 75 at 42. The district court's order does *not* enjoin ICE or any other federal agency from lawfully requesting and sharing data, including via 26 U.S.C. § 6103 processes, so long as the government complies with the law. ICE points to no evidence whatsoever that the order somehow hinders lawful immigration or criminal enforcement. Indeed, for decades the government has effectively enforced criminal immigration law without ICE relying on *any* data sharing with the IRS, let alone unlawful sharing. As Appellees established in the district court, the data sharing arrangements are a dramatic departure from these longstanding practices. *Id.* at 17; ECF No. 73 ¶¶ 65–70, 135–37.

*Second,* the government's failure to treat this case with any exigency severely undercuts its sudden purported need for expedited review. The government did not file a motion to stay the order for

---

section of § 6103 requiring identification of the officers and employees "personally and directly" involved with the relevant criminal investigation, because ICE provided the name of one senior supervisory official for all 1.3 million alleged criminal investigations—defying the plain meaning of personal and direct involvement.

4

preliminary relief pending appeal. Such a motion could have provided a more rapid avenue for remedying its alleged inability to perform effective immigration enforcement.  Instead, the government waited over seven weeks after entry of the preliminary relief order to notice its appeal, and over two more weeks to file its motion to expedite in this Court.  *Cf. Nader v. Land*, 115 F. App'x 804, 806 (6th Cir. 2004) (unpublished) (denying appellants' motion to expedite appeal "principally because the [appellants] have not proceeded expeditiously," where they "allowed six weeks to pass between the appealed-from order and the motion to expedite").  Indeed, rather than showing any sign of exigency during the last ten weeks, the government instead moved for an extension of time (which was consented to) in the district court.  ECF No. 76.

*Finally,* ICE's own proposed briefing and hearing schedule undermines any argument about exigency or irreparable harm.  In this Circuit, the standard rules require appellants to file their Opening Brief within 40 days of filing the record, FRAP 31(a)(1), which here would be May 25, 2026.  But the government proposes filing its Opening Brief 58 days after filing the record, on June 12, 2026, i.e., an ***extension*** in its

5

own appeal briefing, with no explanation. The government cannot have it both ways.

## B. The district court's order is not subject to substantial challenge.

The motion should independently be denied because the government fails to establish that the district court order is subject to "substantial challenge." The government's cursory argument in its motion briefly mentions the same assertions that failed in the district court but does not explain why the district court's findings were incorrect, let alone how they are subject to "substantial challenge." At most, the government shows it disagrees with the district court's order; disagreement is why a party appeals, not why it is entitled to an expedited schedule (overall, while seeking an extension for its own opening submission).

## III. ALTERNATIVE PROPOSED SCHEDULE

If this Court is inclined to grant the government's motion to expedite, Appellees respectfully request that they receive commensurate time and/or opportunities to seek extensions to deadlines for any Answering Brief, and request that the hearing be calendared per the standard First Circuit scheduling process. Finally, given the

6

6176782

upcoming summer holidays as well as Appellees' counsel's competing trial schedules, Appellees respectfully request that this Court does not preemptively impose a fourteen-day extension limit and instead addresses any reasonable requests for extensions via the standard Court process.

## IV.   CONCLUSION

For those reasons, this Court should deny Appellants' motion to expedite the appeal.

6176782

Dated: April 17, 2026

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

By: */s/ Laurie Carr Mims* _____
 Leo L. Lam
 Laurie Carr Mims
 Sarah Salomon
 Charlotte Kamai
 Kelly M. Hernandez
 Leia R. Walker
 633 Battery Street
 San Francisco, CA 94111-1809
 Telephone: 415 391 5400
 Facsimile: 415 397 7188

ASIAN LAW CAUCUS
Joshua Rosenthal
Dorothy Chang
55 Columbus Ave.
San Francisco, CA 94111
Telephone: 415 896 1701
Facsimile: 415 896 1702

GREATER BOSTON LEGAL SERVICES
Gary Klein
197 Friend Street
Boston, MA 02114
Telephone: 617 320 8397
Facsimile: 617 371 1222

Attorneys for Plaintiffs-Appellants,

COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS; NATIONAL

8

6176782

PARENTS UNION; NATIONAL KOREAN AMERICAN SERVICE AND EDUCATION CONSORTIUM; UNDOCUBLACK NETWORK, INC.

9

# CERTIFICATE OF COMPLIANCE

This brief contains 1226 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f). The brief's type size and typeface comply with Federal Rule of Appellate Procedure 32(a)(5) and (6). I certify that this brief complies with the word limit of Circuit Rule 32-1.

/s/ *Laurie Carr Mims*
Laurie Carr Mims

6176782

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate ACMS system.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

*/s/ Laurie Carr Mims*
Laurie Carr Mims

11

6176782